**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Brunswick, Georgia**
**By jbergen at 4:54 pm, Jun 07, 2019**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
|  | ) | No. 07-20244 |
| MARVIN B. SMITH, III, and | ) |  |
| SHARON H. SMITH, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
| MARVIN B. SMITH, III, and | ) |  |
| SHARON H. SMITH, | ) |  |
|  | ) |  |
| Debtors/Movants, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| M. DELORES MURPHY, | ) |  |
|  | ) |  |
| CHOATE & COMPANY, P.C., | ) |  |
|  | ) |  |
| SAMUEL CHOATE, AGENT OF | ) |  |
| CHOATE & COMPANY, P.C., and | ) |  |
|  | ) |  |
| ZACHARY B. HARRIS, AGENT OF | ) |  |
| CHOATE & COMPANY, P.C., | ) |  |
|  | ) |  |
| Respondents. | ) |  |
|  | ) |  |

## ORDER DENYING EMERGENCY MOTION FOR
## ENFORCEMENT OF DISCHARGE INJUNCTION AND/OR
## AUTOMATIC STAY AND DENYING MOTION FOR CONTEMPT

Before the Court is the Emergency Motion for Enforcement of the Discharge Injunction and/or Automatic Stay and Motion for Contempt (ECF No. 756) (the "Motion") of Debtors Marvin B. Smith, III, and Sharon H. Smith (the "Smiths"). The Smiths seek in their Motion relief against their former neighbor M. Delores Murphy ("Murphy") and her attorneys, Choate & Company, P.C., Samuel Choate, and Zachary B. Harris (collectively, "Murphy's Attorneys", and together with Murphy, the "Respondents"). The Smiths also urge the Court to hold Respondents in contempt and sanction them under 11 U.S.C. § 105(a). For the reasons that follow, the Motion will be denied.

### I. Background

The Smiths initially filed for bankruptcy on April 2, 2007, and received a chapter 7 discharge on June 1, 2016. (ECF No. 699.) The Smiths' bankruptcy case and related litigation have been lengthy and complex, but little of it is relevant to Respondents. Until 2017, the Smiths lived at 311 10th Street, Unit B, St. Simons Island, Georgia (the "Property"). The Property is part of a condominium building with two units. On the first floor is Murphy's unit ("Unit A"). The second-floor unit is the Property, or Unit B. The

two units make up the Enchantment by the Sea Condominium, which is run by the Enchantment by the Sea Condominium Owner's Association (the "Association"). Murphy was not a creditor of the Smiths and was not involved in the Smiths' bankruptcy. However, litigation arose in the Superior Court of Glynn County (the "Superior Court") between the Smiths and Murphy in recent years related to maintenance of the Property. That litigation has spilled into this Court, with multiple motions filed in this case and a separate adversary proceeding, No. 17-02012, filed by the Smiths.

## II. Motion for Enforcement of Discharge Injunction and/or Automatic Stay and Motion for Contempt

In the Motion, the Smiths seek injunctive relief through "enforcement of the discharge injunction and/or automatic stay."[1] (ECF No. 756 at 1.) The Smiths assert that Respondents violated the automatic stay under 11 U.S.C. § 362 and/or the discharge injunction under 11 U.S.C. § 524 by several actions outlined in the Motion and which have been presented to the Court previously. They also request that the Court award them damages for the alleged violations and levy sanctions on Respondents for their actions, which the Smiths contend were done in contempt of orders of the Court.

---

[1] While the Motion is not explicit in asking for injunctive relief, because the Smiths are pro se litigants the Court liberally construes the Motion to include a request for injunctive relief and will address whether such relief is appropriate under these circumstances.

### A. Alleged Violations of the Automatic Stay

The facts in the Motion arise out of the same events that this Court and other courts have addressed time and time again. In short, the Smiths allege that Murphy—and in the course of litigation, Murphy's Attorneys acting on behalf of Murphy—violated the automatic stay by (1) filing documents naming herself president of the Association with the Georgia Secretary of State; (2) filing a temporary retraining order against the Smiths in Superior Court; and (3) filing a counterclaim against the Smiths in Superior Court (the "Counterclaim"). They request that the Court enforce the automatic stay against Respondents and sanction Respondents for contempt.

The Court derives its contempt powers from its statutory authority to "issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "The language of § 105 encompasses 'any type of order, whether injunctive, compensative or punitive,' as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code." Hardy v. United States ex rel. IRS (In re Hardy), 97 F.3d 1384, 1389 (11th Cir. 1996). Such an order is not appropriate here.

The present allegations have been discussed and dismissed in the parallel adversary proceeding filed by the Smiths against Murphy in this Court, No. 17-02012 (the "Adversary Proceeding"). The Court adopts its reasoning in the order dismissing that proceeding (A.P.

4

ECF No. 22 at 10-14)[2] (the "<u>Dismissal Order</u>") to reject the Smiths' identical allegations here. The Court has already determined that Murphy did not violate the automatic stay in the Adversary Proceeding. For the same reasoning in the Dismissal Order, the Court finds that Murphy's Attorneys, acting as agents of Murphy, did not act in violation of the automatic stay either. Finally, because no violation of the automatic stay has occurred, the Court will not exercise its contempt powers against Respondents.

Additionally, because the Smiths seek from this Court injunctive relief in the form of "enforcement of the automatic stay," such request must be denied for being procedurally defective. The Smiths have requested the same relief against Murphy before, which the Court similarly denied. (<u>See</u> ECF No. 750.) Parties cannot seek injunctive relief by motion. Federal Rule of Bankruptcy Procedure 7001 requires that an adversary proceeding be initiated for such relief. <u>In re Harris</u>, No. 04-41403, 2005 Bankr. LEXIS 3498, at *7-8 (Bankr. S.D. Ga. Mar. 16, 2005) (citing <u>Stacy Fuel & Sales, Inc. v. Stacy (In re Stacy)</u>, 167 B.R. 243, 248 (N.D. Ala. 1994)). By seeking enforcement of the stay, the Smiths are asking for injunctive relief, which they cannot do by motion.

---

[2] Docket citations beginning with "A.P." refer to the docket in Smith v. Murphy, Adv. No. 17-02012. All other citations to the docket refer to the docket in the underlying bankruptcy case, No. 07-20244.

### B. Alleged Violation of the Discharge Injunction

The Smiths also allege that Respondents violated the discharge injunction under 11 U.S.C. § 524 for filing and prosecuting the Counterclaim against the Smiths. The Counterclaim was successful and final judgment was entered in favor of Murphy on July 3, 2018, by Superior Court Judge Roger B. Lane. (ECF No. 756 at 27-29.) The Smiths now request that the Court enforce the discharge injunction; award them damages arising from the alleged violation of the discharge injunction; and sanction Respondents for contempt.

The discharge injunction "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "Section 524 is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it." Green Point Credit, LLC v. McLean (In re McLean), 794 F.3d 1313, 1321 (11th Cir. 2015) (citations and internal quotations omitted). To determine whether a creditor has violated the discharge injunction, courts ask "whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt, regardless of the legal entity against which the creditor files its claim." Id. at 1322.

Importantly, the only remedy for a violation of the discharge injunction comes in the form of sanctions for contempt.[3] Debtors do not have a private right of action for damages arising from a violation of the discharge injunction, and enforcement of the discharge injunction exists only through a contempt proceeding. Giles v. James B. Nutter & Co. (In re Giles), 502 B.R. 892, 905 (Bankr. N.D. Ga. 2013); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507 (9th Cir. 2002) (holding that there is no private cause of action in Section 524 and that the court's contempt power is its enforcement mechanism); Cox v. Zale Del., Inc., 239 F.3d 910, 917 (7th Cir. 2001) (holding that an action alleging a violation of Section 524(c) can be brought only as a contempt action because Section 524 lacks a provision for punitive damages); Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 422 (6th Cir. 2000) (holding a private cause of action improper where the appropriate remedy for violation of an injunction is a contempt proceeding). The Court cannot enforce the discharge injunction with a new injunction. All it can do is sanction parties that have violated the discharge injunction through a contempt order. Therefore, the Court will consider only the Smiths' request for contempt sanctions arising from the alleged violation of the discharge injunction.

---

[3] The Smiths seek actual damages for Respondents' actions allegedly in violation of the discharge injunction. (ECF No. 756 at 22.) Actual damages for such a violation are available only in the context of a sanction for contempt. Hardy v. United States ex rel. IRS (In re Hardy), 97 F.3d 1384, 1390 (11th Cir. 1996); McTyeire v. Hunt (In re McTyeire), 357 B.R. 898, 903 (Bankr. M.D. Ga. 2006).

Again, the Court's contempt powers are not appropriate here. It is obvious that Respondents have not violated the discharge injunction and the Smiths' allegations are frivolous. Respondents were not creditors of the Smiths in their bankruptcy case, nor was the Counterclaim in Superior Court an attempt to collect a discharged debt. No violation of the discharge injunction has occurred.

**IT IS THEREFORE ORDERED** that the Motion is **DENIED**.

_____
Michele J. Kim
United States Bankruptcy Court
Southern District of Georgia

Dated at Brunswick, Georgia,
this 7th day of June, 2019.